UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT and CHERI HOWARD, individually, et al., | Case No. 3:14-cv-00016-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| LENNAR RENO, LLC, a Nevada Limited Liability Company, et al., | |
| Defendants. | |

I. **INTRODUCTION**

This case comes before this Court through Defendant Lennar Reno, LLC's ("Lennar") Petition for Removal. (Dkt. no. 1.) Plaintiffs filed this action in District Court in Washoe County, Nevada, after discovering defects and damages in homes built as part of a housing development known as Sunrise @ Eagle Canyon. (Dkt. no. 1-1 at 6-9.) Plaintiffs bring claims of breach of contract, breach of express warranties, breach of implied warranties, negligence, negligence per se and breach of implied warranty of habitability against Lennar and doe defendants. (*Id.* at 12-16.)

Lennar removed this action on the basis of 28 U.S.C. § 1332(a). On February 7, 2014, Plaintiffs filed the instant Motion to Remand to State Court ("Motion to Remand"). (Dkt. no. 13.) Lennar filed an opposition (dkt. no. 17) and Plaintiffs replied (dkt. no. 18).

Plaintiffs also filed a Motion to Amend in order to join Nevada corporations and a Nevada LLC as defendants. (Dkt. no. 16.) Additionally, Lennar filed: (1) a Motion for

Leave to File Supplemental Briefing regarding the Motion for Remand (dkt. no. 21), which the Court granted (dkt. no. 25); (2) a Motion to Compel Arbitration and Stay Proceedings (dkt. no. 7); and (3) a Motion for Hearing on the Motion to Compel Arbitration and Stay Proceedings (dkt. no. 23).

For the reasons set out below, the Motion to Remand is granted and this action is remanded to state court. Plaintiffs' Motion to Amend (dkt. no. 16), Lennar's Motion to Compel Arbitration (dkt. no. 7) and Lennar's Motion for Hearing (dkt. no. 23) are denied as moot.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in

controversy exceeds" the jurisdictional minimum. *Valdez*, 372 F.3d at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

### III. DISCUSSION

The Complaint does not plead a specific amount in controversy. Plaintiffs seek general and special damages in excess of $10,000 for costs of repair, loss of market value, loss of use, loss of financing, loss of investment and out-of pocket expenses. (Dkt. no. 1-1 at 17.) Plaintiffs also seek attorney's fees and costs, prejudgment and post-judgment interest on all sums awarded, and various statutory damages in an unspecified amount. (*Id.*) By the Court's count, there are over forty (40) Plaintiffs named in the Complaint, all of whom are alleged to be owners of individual residences at Sunrise @ Eagle Canyon. (*Id.* at 7-9.) Lennar's Petition for Removal states that the amount in controversy satisfies the jurisdictional minimums because "Lennar reasonably believes that Plaintiffs' alleged damages, exclusive of interests and costs, exceeds $75,000.00." (Dkt. no. 1 at 2–3.) Lennar does not provide any evidentiary basis for its belief that the jurisdictional amounts are satisfied. Lennar only points to a "reasonable belief" as proof that the jurisdictional amounts are satisfied. This is insufficient. *See Valdez*, 372 F.3d at 1117 ("[I]nformation and belief hardly constitutes proof by a preponderance of the evidence.") (citation and internal quotations omitted).

In Lennar's opposition to the Motion to Remand, it points out that the Complaint seeks to recover damages pursuant to NRS 40.655, which can include attorney's fees, cost of repairs, fees and costs associated with retention of experts and any interest provided by statute. (Dkt. no. 17 at 8.) Lennar thus surmises that "it is highly

disingenuous for [Plaintiffs] to represent that this matter does not meet the requirements of 28 U.S.C. § 1332(a)." (*Id.* at 8.) Even if the Court were to accept that Plaintiffs will recover all of the statutory damages listed in NRS 40.655, the Court has no basis, either from the facts alleged in the Complaint or the evidence provided by Lennar, to conclude that the amount of damages will be over $75,000 per plaintiff.[1] Lennar only provides an estimate as to the costs of repairs, but its estimate is not supported by any "summary-judgment-type evidence." Lennar states that the cost of repair will fall between $36,000 and $52,000 per home, but provides no evidentiary support for this assertion. (*Id.* at 8.) Lennar merely explains in a footnote that the estimate is based "upon Plaintiffs' claims in a *related* Lennar built subdivision known as Eagle Canyon North" but does not explain why Plaintiffs' claims in what appears to be separate case involving a separate housing development may provide an evidentiary basis for the estimated cost of repair in this case. (*Id.* at 8 n.2 (emphasis added).) Lennar does not address the extent to which this case is similar to that involving Eagle Canyon North, the Court has not been provided with a copy of the complaint in the Eagle Canyon North case, and Lennar has failed to provide a declaration to evidence the accuracy of the estimate. Lennar only provides a copy of a letter that Lennar wrote to Plaintiffs' counsel stating that Plaintiffs' counsel requested a per home cost of repair of over $75,000 in a case called *Oexle v. Fairmont Homes*. (*See* dkt. no. 17, Ex. 1.) This letter is not supported by a declaration and contains no information about *Oexle*. Nor would the Court consider Lennar's counsel's statement as to its characterization of the cost of repair to be sufficient evidence of the amount in controversy.

///

---

[1] The traditional rule is that multiple plaintiffs may not aggregate their separate claims to satisfy the $75,000 amount in controversy requirement under § 1332(a). *See Urbino v. Orkin Services of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (citation omitted). The parties in this case do not argue that the claims of each individual Plaintiff should be aggregated to satisfy the $75,000 jurisdictional amount and Lennar specifically argues that the "amount in controversy will exceed $75,000.00 *per plaintiff* . . . ." (Dkt. no. 17 at 3 (emphasis added).)

It is Lennar's burden to overcome a "strong presumption" against removal jurisdiction. See Gaus, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Lennar has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. See *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Here, Lennar has had two opportunities to meet its burden but has only provided the Court with conclusory assertions and unsupported speculation. Consequently, the Court does not have the tools necessary to determine that Lennar has established, by a preponderance of the evidence, that the jurisdictional amount in § 1332(a) is met. This action will therefore be remanded to state court.

## IV. CONCLUSION

It is hereby ordered that Plaintiffs' Motion to Remand (dkt. no. 13.) is granted. It is ordered that this case be remanded consistent with this opinion.

It is further ordered that Plaintiffs' Motion to Amend (dkt. no. 16), Lennar's Motion to Compel Arbitration (dkt. no. 7), and Lennar's Motion for Hearing (dkt. no. 23) are denied as moot.

The Clerk shall close this case.

DATED THIS 6th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE